Golliher vs. Commonwealth.·

CASE 41—INDICTMENT—OCTOBER 5.

# Golliher vs. Commonwealth.

### APPEAL FROM ADAIR CIRCUIT COURT.

1. Where one goes into a crowd with a gun, for the felonious purpose of killing any person, and voluntarily fires with the view of executing such purpose, the unintentional killing even of his friend would be murder; but if the firing was accidental and involuntary, it would be manslaughter only.

2. Where one, without such special purpose, voluntarily and recklessly fires into a crowd and kills any person, he will be guilty of murder.

3. An instruction "that drunkenness can never be received as a ground to excuse or palliate a crime" is erroneous, because, when and how far drunkenness may excuse or palliate must depend on its motives, degree, and effect on the mind.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

*George W. Golliher*, a soldier in the 13th Kentucky Regiment of Volunteers, being at a precinct in Adair county during an election held in a church, became, with some friends, engaged in an armed conflict with an antagonist party, in which he was disarmed and knocked down, and escaped to the woods; and, manifesting an intention to go home, went back for his horse; but, before he had mounted the horse to start home, he was informed that his party had triumphed and driven from the ground the adverse party; he then took his gun swung to his saddle, and with it went into the crowd in the church, declaring that he would "kill four d—d rascals;" and, after entering, shouldered the gun—the muzzle pointing behind him—when, almost instantly, it went off and killed *Rowe*, who was standing near and behind him, and who was one of the friends constituting his party in the previous rencounter.

For that homicide he was indicted, and the jury having found him guilty of *murder*, the court, overruling a motion for a new trial, sentenced him to be hung.

His appeal to this court rests chiefly on the ground of instructions to the jury alleged to be erroneous, and preventive of a fair trial on the facts and the law of the case.

If he had gone into the house for the felonious purpose of killing any person, and had he voluntarily fired his gun for the purpose of executing that malicious design, the killing of his friend *Rowe*, though unintended, would, nevertheless, have been murder. Or had he, without any such special purpose, voluntarily and recklessly fired in the crowd and killed *Rowe*, or any other person, he would have been guilty of murder. But if, in the first hypothetical case, the firing was accidental and involuntary, he would then have been guilty of manslaughter only. And even if thus carelessly carrying his gun

into the crowd without any felonious design, he did not fire it, he would not have been guiltless, but the degree of his guilt would not have been near so high as murder or even intentional homicide; consequently, whatever may be the true phase of the case, he was not guilty of murder, unless he himself voluntarily fired the gun.

Tested by the facts and by the foregoing principles of the criminal law, some of the instructions given for the Commonwealth were erroneous, and some others bewildering and misleading.

The third, instructing the jury, that if the accused went into the house to kill any person, he was guilty of murder, even though the fatal shot was involuntary or accidental, was clearly wrong.

The fourth, instructing the jury, that if the accused went into the house maliciously to kill any person, and the accidental shot resulted from his careless handling of the gun, he was guilty of murder, was equally inconsistent with the law as just herein defined.

And the seventh, instructing the jury that "drunkenness can *never* be received as a ground to excuse or *palliate* a crime," was, according to the doctrine recognized by this court in the case of *Smith vs. the Commonwealth* (*1st Duvall*), delusive and erroneous.

Intoxication may stultify and partially demonize its victim, dethroning reason, rousing volcanic passions, and either paralyzing or perverting the will; and, therefore, unless brought on for a malicious purpose, it *may* be, when disabling, entitled to some influence on the questions of malice and free volition. When and how far it should have any such influence must depend on its motive, its degree, and its effect on the mind and the passions. This qualified doctrine seems to us to be dictated by policy and humanity, and sanctioned by reason and modern authority, and was, accordingly, adjudged to be law in the case just cited.

*Golliher*, when he entered the church with his gun, was drunk; but why and in what degree does not clearly appear.

The peremptory and unqualified instruction on "drunken-ness" was, therefore, erroneous.

The second instruction, assuming that the killing without provocation, though involuntary, was malicious, was evidently abstract, unauthorized, and misleading; and, on the like ground, some other instructions were also misleading. The instructions given for the appellant did not correct the errors we have suggested. Thus bewildered, the jury could not be expected to understand the law of the case or know how to apply it to the facts.

Wherefore, the judgment is reversed, and the cause remanded for a new trial.